NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0353n.06

Case No. 13-2204

**FILED**
May 02, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Christopher Parsons, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Auto Club Group, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

**BEFORE: MERRITT, COOK, and DONALD, Circuit Judges**

**MERRITT, Circuit Judge.** Christopher Parsons appeals the district court's grant of summary judgment in favor of his former employer, Auto Club Group ("Auto Club"), on his claim under the Americans with Disabilities Act ("ADA"). Because Parsons has failed to produce sufficient evidence to establish his prima facie case, we AFFIRM.

**I. BACKGROUND**

We only summarize the facts of this case, which the district court described in detail. *Parsons v. Auto Club Group*, No. 12-10907, 2013 WL 4546931, *1–2 (E.D. Mich. Aug. 28, 2013).

As a senior training specialist for Auto Club, Parsons conducted training sessions for Auto Club life insurance agents in various locations. When late-evening training classes at one

location were followed by early-morning classes the next day, Auto Club agreed to pay for Parsons to stay overnight at a hotel, rather than require him to commute home. It also paid for Parsons's mileage, car rental, and meal expenses when he traveled for work.

In March 2011, Parsons's mileage and hotel expenses caught the eye of Auto Club's finance department, which began an investigation. An auditor compared Parsons's expenses with records of when he entered and left Auto Club offices, and concluded he had inappropriately stayed overnight in hotels when his schedule did not require him to do so. Another Auto Club investigator reviewed Parsons's work hours, and mileage, meal, and car rental expenses. The investigator concluded that Parsons had inappropriately used rental cars and purchased meals for co-workers in violation of company policy. He also concluded that Parsons had been paid for 30 days of work from January to July of that year without evidence of work on those days. Finally, Auto Club hired a surveillance team to watch Parsons for one week in July 2011. The surveillance found Parsons repeatedly shopping at a cigar store, conducting personal errands, eating out with acquaintances, and napping in his car during work hours.

On August 2, 2011, Joseph Keller, the company investigator, and Parsons's supervisor Gary Dick interviewed Parsons about Auto Club policies and the investigation. Auto Club suspended Parsons the following day and fired him on August 8, 2011, for violating its hotel, meal, and rental car expense policies and for lying to internal investigators.

Parsons then filed suit against Auto Club, alleging it violated the Americans with Disabilities Act by failing to accommodate his sleep apnea, which he alleges caused his work-time napping. In February 2011, Parsons had informed Dick about his sleep apnea and that he was having difficulties getting his insurer to pay for a medical device to help with the condition. In his complaint, Parsons alleges Auto Club failed to provide "the reasonable accommodation of

being fitted with a medical device to correct the sleep apnea." He alleges Auto Club could have allowed him a leave of absence, use of accumulated vacation time, or short-term disability, rather than terminating him. The district court granted summary judgment in favor of Auto Club, concluding that Parsons had failed to request any accommodation from Auto Club.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's grant of summary judgment. *Parsons v. City of Pontiac*, 533 F.3d 492, 499 (6th Cir. 2008). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether the movant has met this burden, this court views the evidence in the light most favorable to the nonmoving party. *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007).

## III. ANALYSIS

The district court properly concluded that Parsons failed to meet his burden under the ADA. "To prove a claim of failure to provide a reasonable accommodation, [Parsons] has the burden to show that (1) he is disabled within the meaning of the ADA and that (2) he is 'otherwise qualified' for the position he holds or desires despite his disability . . . '(a) without accommodation from the employer; (b) with an alleged "essential" job requirement eliminated; or (c) with a proposed reasonable accommodation.'" *Cash v. Siegel-Robert, Inc.*, 548 F. App'x 330, 334 (6th Cir. 2013) (citing *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004); *Burns v. Coca–Cola Enter.*, 222 F.3d 247, 256 (6th Cir. 2000)). If Parsons makes a prima facie case, the burden shifts to Auto Club to prove that a challenged job criterion is essential, or that the proposed accommodation would impose an undue hardship on the company. *Hedrick*, 355 F.3d at 452.

Parsons claim fails because he has not shown any evidence that he requested an accommodation from Auto Club for his sleep apnea prior to filing his lawsuit. "A disabled employee who claims that he or she is otherwise qualified with a reasonable accommodation bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable." *Id.* at 457 (quotation marks and citation omitted). Interpretative guidelines by the Equal Employment Opportunity Commission state that generally "it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." 29 C.F.R. pt. 1630 App. § 1630.9 (interpreting 29 C.F.R. § 1630.9(a), making it unlawful not to provide reasonable accommodations for known disabilities). Based on this guideline, this Court has concluded that "[t]he employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046–47 (6th Cir. 1998); *see also Cash*, 548 F. App'x at 334–35 (finding that employee did not meet his burden to make a prima facie case because he failed to request an accommodation).

Parsons argues that, when he spoke to Dick about his sleep apnea in February 2011, he "was seeking the reasonable accommodation of time from his boss to accommodate his sleep apnea until [he] could straighten out the Blue Cross mess." However, he has not supported this argument with any evidence. At deposition, Parsons testified that he told Dick only that his apnea "was coming back again" and that he would have to pay $1,200 for the medical device he needed because Blue Cross would not cover it. When asked specifically whether he told Dick because he "expected [Dick] to do anything," Parsons stated that these conversations with Dick were only to "let [Dick] know" about the situation and that "there was nothing [Dick] could do about it." This is not enough to suggest that Parsons requested accommodation from Auto Club.

Similarly, Parsons has not shown that he requested any accommodation during his August 2 interview with Dick and Keller, the investigator. During the interview, Parsons told Keller that "I've gotten [sic] something wrong, I've got sleep apnea. I'm falling asleep all the time." He stated that he had fallen asleep at work and in his car driving home, and was "scared to death of this." These statements came in the context of his defending against the allegations of misconduct and explaining why he was observed napping. Without more, Parsons has not shown that this explanation was tied to a request for accommodation.

Even if the discussion with Keller were a request, it likely came too late to be considered reasonable. "When an employee requests an accommodation for the first time only after it becomes clear that an adverse employment action is imminent, such a request can be 'too little, too late.'" *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 90 (1st Cir. 2012); *see also Davila v. Qwest Corp.*, 113 F. App'x 849, 854 (10th Cir. 2004) ("[E]xcusing workplace misconduct to provide a fresh start/second chance to an employee whose disability could be offered as an after-the-fact excuse is not a required accommodation under the ADA."). By the time Parsons sat down with Keller—a day before Auto Club suspended Parsons and one week before it fired him—it had already conducted a five-month investigation that revealed Parsons had, among other things, violated its expenses policies, sought compensation for time when he did not work, and lied to internal investigators.

Ultimately, Parsons has not shown sufficient evidence that he requested an accommodation and has failed to make his prima facie case.

## IV. CONCLUSION

For these reasons, the district court properly granted summary judgment to the Auto Club. Accordingly, we AFFIRM.