[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11413

_____

D.C. Docket No. 0:11-cv-62476-KMW

RYAN H. FOLEY,

Plaintiff - Counter
Defendant - Appellant,

versus

MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS, LLC,

Intervenor Plaintiff -
Appellee,

MORGAN STANLEY SMITH BARNEY, LLC,
a Delaware limited liability company,

Defendant - Counter
Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 20, 2014)

Before MARTIN, DUBINA, and SENTELLE,[*] Circuit Judges.

PER CURIAM:

Appellant, Ryan H. Foley ("Foley"), appeals the district court's order granting summary judgment to Appellee, Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Notes Holdings, LLC (referred to as "Morgan Stanley"), on his claims of discrimination brought pursuant to the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA").

This court reviews *de novo* a district court's order granting summary judgment on ADA claims. *Holly v. Clairson Indus. LLC,* 492 F.3d 1247, 1255 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of Morgan Stanley on Foley's discrimination claims. First, we agree with the district court that Foley is not a qualified individual under the ADA. As the district court correctly found, Morgan Stanley's security policy is an integral part of its business, and adherence to that policy is an essential requirement of a financial advisor's job. Even Foley acknowledged that the taking of an office computer was a violation of an important firm policy. The employee handbook states that the firm's information assets are the property of the firm, and each employee has an

---

[*]Honorable David Bryan Sentelle, United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

2

obligation to protect the assets of the firm, including its securities, premises, technology, propriety and confidential information, and intellectual property. Thus, we conclude that Foley's unprofessional conduct rendered him otherwise unqualified to perform the essential functions of his job.

Furthermore, Foley is not a qualified individual with a disability because he cannot show that Morgan Stanley had "actual or constructive knowledge" of his disability. *See Hilburn v. Murata Electronics N. Am., Inc.,* 181 F.3d 1220, 1226 (11th Cir. 1999). It is undisputed in the record that Foley never requested an accommodation relating to his alleged bipolar disorder at any time before he took the computer. This failure to request an accommodation is fatal to his claim. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999).

However, if we concluded that Foley is a qualified individual under the ADA, his claims still fail because he cannot show that Morgan Stanley terminated him because of his disability.

Lastly, Foley's contention that there is direct evidence to support his discrimination claims also fails. Foley failed to show any direct evidence that Morgan Stanley knowingly terminated him because of his bipolar disorder. He relies on the fact that Morgan Stanley made its termination decision immediately after it learned that Foley had removed his office computer. However, that is not

3

direct evidence of discrimination.  That is evidence of Morgan Stanley's adherence to company policy.  Foley failed to show that Morgan Stanley acted with unlawful discriminatory animus when it terminated his employment.  *See Wascura v. City of South Miami*, 257 F.3d 1238, 1247 (11th Cir. 2001).

Because we conclude from the record that there is no merit to any of the arguments Foley makes in this appeal, we affirm the district court's order granting summary judgment in favor of Morgan Stanley.

AFFIRMED.