Francisco **ALVAREZ**, Plaintiff,

v.

**SCHOOL BOARD OF BROWARD COUNTY, Florida, Defendant.**

### CASE NO. 16-60310-CIV-COHN/SELTZER

United States District Court, S.D. Florida.

Signed September 21, 2016

Monica Espino, Espino Law, P.L., Miami, FL, for Plaintiff.

Michael Thomas Burke, Juan Marcos Martinez, Johnson Anselmo Murdoch Burke Piper & Hochman PA, Fort Lauderdale, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES I. COHN, United States District Judge

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 28] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response [DE 32], Defendant's Reply [DE 36], and the record in this case, and is otherwise advised in the premises. For the reasons stated below, the Court will grant the Motion.

## I. BACKGROUND

In this case, Plaintiff Francisco Alvarez sues Defendant, the School Board of Broward County, Florida, for failure to accommodate pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 (Count I) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count II). DE 1. Defendant initially hired Plaintiff as a Facilities Serviceperson and later promoted him to the position of School Site Repairperson ("SSRP"). DE 29 ¶ 4; DE 33 ¶ 4. Both positions offer the same benefits, although the SSRP position pays $4.55 more per hour. DE 29 ¶ 5; DE 33 ¶ 5. The job description for the SSRP states that the employee must complete the Professional and Master Facilities Service ("Master FSP") job-related training programs and receive the Master FSP certification within two years of appointment to that job assignment. DE 29 ¶ 6. In October 2012, Defendant learned that Plaintiff, along with dozens of other SSRPs, had not been certified within two years of appointment. DE 29 ¶ 8; DE 33 ¶ 8. On October 19, 2012, Defendant entered into a Memorandum of Understanding with the Federation of Public Employees ("FPOE"), providing a deadline of May 1, 2013, for the employees to obtain the Master FSP certification. DE 29 ¶ 10; DE 33 ¶ 10. On or about April 12, 2013, Plaintiff attended a mandatory meeting with representatives from FPOE and the School Board, and Plaintiff, along with other similarly situated employees, signed a "2nd Notice," warning that: "If you have not <u>successfully</u> completed the required training by May 1, 2013, you will be laid off effective July 1, 2013. You shall not be eligible for recall to a vacant position until all required training has been completed." DE 29 ¶¶ 11–12; DE 33 ¶¶ 9, 11–12.

Plaintiff completed the next available multi-day Master FSP course, which began on April 26, 2013, but he was unable to pass the computer exam or the alternative hand-written exam required for certification. DE 33 ¶¶ 14–15. Plaintiff signed a "Request for Voluntary Demotion," dated July 10, 2013, in which he accepted a demotion from SSRP to his former position of Facilities Serviceperson in lieu of termination. DE 30-7. Plaintiff's demotion became effective on July 1, 2013. DE 29 ¶ 17; DE 33 ¶ 17. On August 1, 2016, Plaintiff completed the Master FSP course for a second time and again failed both the com-

puter exam and the alternative hand-written exam. DE 29 ¶ 18; DE 33 ¶ 18.

Plaintiff suffers from Parkinson's disease and epilepsy. DE 29 ¶ 21; DE 33 ¶ 21. Before taking the exams, Plaintiff did not suspect any limitation or testing difficulties as a result of his condition. Id. However, after failing the Master FSP exam four times, he consulted his neurologist. Id. Plaintiff submitted a request for a testing accommodation to the School Board's ADA compliance department on October 22, 2013, seeking "help with some writing, reading and understanding comprehension." DE 30-9. Defendant requested more information from Plaintiff's doctor. DE 29 ¶ 24; DE 33 ¶ 24. The doctor responded that, although Plaintiff "is not disabled," his medication affected his memory and his ability to acquire new information, among other side effects. Id.

After Defendant denied Plaintiff's request for a testing exemption, Plaintiff sought testing accommodations and reinstatement as an SSRP. DE 33 ¶ 25. Defendant approved Plaintiff's request for a testing accommodation, and on May 2, 2014, Plaintiff took a hand-written exam with extra time in a one-on-one session. DE 29 ¶ 26. Plaintiff passed the test with these accommodations and obtained the Masters FSP certification. DE 29 ¶ 27; DE 33 ¶ 27. However, Defendant did not immediately reinstate him to his former position. Defendant eventually advertised a new SSRP vacancy, and in September 2015, Plaintiff applied for the SSRP position and was selected as a new hire, effective October 1, 2015. DE 29 ¶¶ 28–29; DE 33 ¶¶ 28–29.

Plaintiff contends that Defendant discriminated against him "by denying him the reasonable accommodation of keeping his former position of SSRP" and failing to reasonably accommodate him by reinstating him into his former position upon his successful completion of the Master FSP exam. DE 32 at 1–2. Defendant contends that Plaintiff has failed to make out a *prima facie* case of disability and discrimination. DE 28. Because Plaintiff's demotion became effective before he requested an accommodation, Defendant maintains that it was under no obligation to rescind the demotion and promote Plaintiff immediately after he passed the exam. Id.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may ... grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the nonmoving party "may not

rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the nonmoving party. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

■ Defendant has established an absence of evidence to support Plaintiff's failure-to-accommodate claim. In cases alleging disability discrimination, courts apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000).[1] First, the plaintiff must establish a *prima facie* case of disability discrimination by showing that: (1) he has a disability; (2) he was a qualified individual at the relevant time; and (3) he was discriminated against because of his disability. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) (citation omitted). If the employee is able to establish his *prima facie* case, the burden shifts to the employer to come forward with a legitimate, nondiscriminatory reason for not providing the requested accommodations. In this case, Plaintiff has not made a *prima facie* showing of discrimination by failure to accommodate. The Court therefore need not address the remaining elements.

■ An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide "reasonable accommodations" for the disability, unless doing so would impose undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a). The employee bears the initial burden of requesting an accommodation. Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363–64 (11th Cir. 1999). "Only after the employee has satisfied this burden and the employer fails to provide that accommodation can the employee prevail on a claim that her employer has discriminated against her." Id. at 1364.

There can be little doubt that Defendant provided Plaintiff with reasonable testing accommodations, particularly because Plaintiff was able to pass the Master FSP exam with them. Rather, the parties' disagreement centers on whether Defendant failed to reasonably accommodate Plaintiff by not reinstating him to his former SSRP position immediately after he earned his certification. The Court holds that no such accommodation was required for several reasons.

■ First, Plaintiff's request for an accommodation of reinstatement was untimely. The employee must make a request for accommodation while "on the job," not after the fact. Foley v. Morgan Stanley Smith Barney, LLC, No. 0:11–CV–62476, 2013 WL 795108, at *7 (S.D. Fla. Mar. 4, 2013), aff'd sub nom. Foley v. Morgan Stanley Smith Barney FA Notes Holdings, LLC, 566 Fed.Appx. 874 (11th Cir. 2014) (citation omitted); see also Fussell v. Georgia Ports Auth., 906 F.Supp. 1561, 1570 (S.D. Ga. 1995), aff'd, 106 F.3d 417 (11th Cir. 1997) (plaintiff must prove request for accommodation was made "in a timely

---

1. "[T]he standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act."

Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

fashion"). Plaintiff did not request an accommodation while "on the job" as an SSRP. He instead · waited over three months from the effective date of his demotion to submit a request. This is not the sort of prospective accommodation that the ADA envisions. See E.E.O.C., Revised Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, 3 EEOC Notice 915.002 (Oct. 17, 2002), 2002 WL 31994335, at *25 (noting that "reasonable accommodation is always prospective").

 Analogous cases involving workplace misconduct are instructive. An employer generally is not required to grant a request for reasonable accommodation after the occurrence of workplace misconduct that warrants demotion or termination. "[T]he law does not require the [defendant] to ignore misconduct that has occurred because the [claimant] subsequently asserts it was the result of a disability." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 465 (4th Cir. 2012); see also Schaffhauser v. United Parcel Serv., Inc., 794 F.3d 899, 906 (8th Cir. 2015) (holding no liability for employer that demoted employee for inappropriate comments where employee notified employer that medical condition contributed to his misbehavior only after he made the comments); Parsons v. Auto Club Group, 565 Fed.Appx. 446 (6th Cir. 2014) (holding that employer was not obligated to entertain accommodation request where employee first informed employer of his disability after five-month investigation had revealed long history of employee's misconduct); Jones v. Nationwide Life Ins. Co., 696 F.3d 78, 90 (1st Cir. 2012) ("When an employee requests an accommodation for the first time only after it becomes clear that an adverse employment action is imminent, such a request can be 'too little,

too late.'"); Davila v. Qwest Corp., 113 Fed.Appx. 849, 854 (10th Cir. 2004) ("[E]xcusing workplace misconduct to provide a fresh start/second chance to an employee whose disability could be offered as an after-the-fact excuse is not a required accommodation under the ADA."); Siefken v. Vill. of Arlington Heights, 65 F.3d 664, 666 (7th Cir. 1995) ("'A second chance' . . . is not an accommodation, as envisioned in the ADA."). Similarly, Defendant was not required to excuse Plaintiff's failure to timely obtain the certifications required for his SSRP position where Plaintiff first sought to keep that position after his demotion. This was "too little, too late."

 Second, Plaintiff's reinstatement was not a reasonable accommodation request. The ADA lists "reassignment to a vacant position" as an example of a reasonable accommodation. 42 U.S.C. § 12111(9)(B). However, an employer's reassignment duty does not require promotion of the disabled employee. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (collecting cases); see also 29 C.F.R. 1630, App. § 1630.2(o) ("It should also be noted that an employer is not required to promote an individual with a disability as an accommodation."). And while the ADA may require reinstatement after an employee makes a timely request for a leave of absence as a form of accommodation, there is no such provision for an "after-the-fact excuse" for failing to attain the qualifications of the position. See E.E.O.C., Employer-Provided Leave and the Americans with Disabilities Act (May 9, 2016) (describing right to reinstatement following leave of absence). By the time Plaintiff requested "reinstatement" to his prior higher-paying position, he was effectively seeking a promotion. Defendant was under no obligation to grant that request.[2]

**2.** In his Response, Plaintiff relies on Bultem- eyer v. Fort Wayne Community Schools, 100

■ Finally, Plaintiff's argument that Defendant should have known that he needed a testing accommodation before he requested one does not save his claim. In requesting an accommodation, it is not sufficient for an employee to merely tell a supervisor that the employee suffers from a particular disability. See Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 449 (4th Cir. 2012). Rather, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." Gaston, 167 F.3d at 1363 (11th Cir. 1999).

The Court is sympathetic to Plaintiff's struggles with epilepsy and Parkinson's disease, as well as his failure to identify those ailments as obstacles to his successful completion of the Master FSP exam prior to his demotion. Had Plaintiff made a request prior to July 1, 2013, for testing accommodations and postponement of his demotion until he had the opportunity to take the test under the modified conditions, Plaintiff would have had a much stronger claim. But under the facts of this case, Defendant was not legally required to accommodate Plaintiff's untimely request for immediate reinstatement.

## IV. CONCLUSION

In sum, Defendant has established an absence of genuinely disputed material fact for trial. Plaintiff cannot make a *prima facie* showing that Defendant's refusal to accommodate his untimely request for immediate reinstatement was a form of discrimination. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judg-

ment [DE 28] is **GRANTED.** Summary judgment is granted in favor of Defendant and against Plaintiff. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of September, 2016.

### FINAL JUDGMENT

**THIS CAUSE** is before the Court upon its separately entered Order Granting Defendant's Motion for Summary Judgment [DE 38]. It is thereupon

**ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Defendant School Board of Broward County, Florida, and against Plaintiff Francisco Alvarez on all counts of the Complaint [DE 1].

2. Plaintiff shall take nothing from Defendant on these claims.

3. All pending motions are **DENIED as moot,** and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of September, 2016.

---

F.3d 1281 (7th Cir. 1996), to argue that "special circumstances" make his reinstatement a reasonable accommodation. See DE 32 at 10–11. The Court finds Bultemeyer wholly distinguishable. "Special circumstances" existed in Bultemeyer because the employer knew that the employee suffered from a serious mental illness, the employee was told that he would not receive an accommodation before he even knew that he needed one, and the employer took the opportunity to fire the employee "as soon as it could" with virtually no "interactive process." Id. at 1285–87. None of these circumstances are present in the case at hand.